UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT NELSON HOWELL, JR., Legal Status Active and In Good Standing Minnesota (SOS) File Number 9740311000030,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT NELSON HOWELL, JR.,<br><br>Defendant. | Case No. 18-cv-2031 (JRT/DTS)<br><br>**REPORT AND RECOMMENDATION** |

An individual by the name of Robert Nelson Howell, Jr., is currently incarcerated at the Federal Correctional Institution in Florence, Colorado ("FCI-Florence"). The complaint in this matter was filed by a "Robert Nelson Howell, Jr.," and was mailed from FCI-Florence. *See* ECF No. 1-2. Plaintiff Howell, however, avers that he is not the prisoner Howell, but instead a business entity "incorporated under the laws of St. Paul, Minnesota, with its principle [sic] place of business in Minnesota." Compl. at 1 [ECF No. 1]. The defendant — also named "Robert Nelson Howell, Jr." — is likewise not the prisoner; this Howell (the complaint alleges) is an Illinois corporation. *Id.*

*Prisoner* Howell, as "nameholder/CEO" of *plaintiff* Howell, did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. ECF No. 2. In an earlier order, this Court noted that corporations are ineligible for IFP status, but that prisoner Howell, as a natural person, could proceed IFP, provided that he paid the $96.70

1

initial partial filing fee required by 28 U.S.C. § 1915(b). *See* ECF No. 3. This Court also warned the various Howells that "[t]he complaint is by all indications frivolous, and there is very little chance that this matter will survive review pursuant to 28 U.S.C. § 1915A" should Howell elect to proceed. *Id*. at 4 n.2. When no one paid the initial partial filing fee within the time allotted, this Court recommended dismissal of this action for failure to prosecute. *See* ECF No. 4.

Shortly after that recommendation of dismissal was entered, Howell paid the complete $400.00 filing fee for this action. *See* ECF No. 5. By separate motion, Howell has also requested that "the Motion Pursuant to 28 U.S.C. § 1915A, be dismissed with prejudice" — presumably a request that the action not be dismissed, as previously recommended. ECF No. 6 at 2.

As an initial matter, it is clear from the payment of the filing fee that Howell intends to prosecute this matter, and this Court's previous recommendation that this matter be dismissed without prejudice for failure to prosecute has been superseded by events. Accordingly, this Court recommends that the prior Report and Recommendation [ECF No. 4] be vacated.

Not moot, however, is Howell's application to proceed IFP. Although Howell has now paid the filing fee, IFP status entitles a litigant to more than waiver of the filing fee (or, in the case of prisoners, to more than entitlement to payment of the filing fee in installments over time). For example, under § 1915(c), the Court may direct the government to pay expenses related to the printing of the record and preparation of transcripts, where necessary. Still more relevant to plaintiff Howell, who has not yet

2

effected service of process on defendant Howell, § 1915(d) entitles an IFP litigant to service of process effected through officers of the court.

Because Howell's IFP application remains pending, this matter remains subject to 28 U.S.C. § 1915(e)(2)(B)(1), which provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious."[1] As this Court cautioned Howell previously, this action is frivolous. The complaint is, read literally, gibberish. One corporation, headed by Howell, is suing another corporation, also headed by Howell, for alleged conversion of (1) a judgment entered in a federal criminal matter and (2) Howell's birth certificate. *See* Compl. at 1. Howell alleges that this property is worth $104,000,000,000 — that is, $104 billion dollars, or (according to the World Bank) roughly the gross domestic product of Ecuador — but he graciously "is willing to accept" $104 million in damages. None of this makes any sense taken at face value. The Howell subject to the criminal judgment referenced in the complaint is of course not corporate Howell, but human Howell. *See United States v. Powell*, No. 3:98-CR-30200 (S.D. Ill.). The same is presumably true of the "Certificate of Live Birth" — a document not typically associated with the corporate form — mentioned in the complaint. The allegation that these documents have been converted by one corporation as to another is entirely conclusory; other than by physically stealing the paper on which those documents are printed, at loss of a trivial expense, how can a

---

[1] Even if Howell's IFP application were not pending or regarded as withdrawn, federal courts have the inherent authority to dismiss frivolous complaints on their own accord. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307-08 (1989).

criminal judgment or birth certificate be converted? And Howell's claim to billions, or even millions, of dollars of damages would be absurd even if the underlying allegations themselves were not farcical.

There is a serious point buried beneath all this: The federal courts are extraordinarily busy. Over 387,000 new actions were filed in the federal courts between June 30, 2017 and June 30, 2018 — an increase of over 20,000 filings from the 12 months prior.[2] And yet even within that context, the District of Minnesota stands out as especially burdened, with the sixth-most civil filings (out of 94 districts) per judgeship, tenth-most filings overall per judgeship, and seventh-most pending cases per judgeship nationally over the relevant period. The overwhelming majority of those actions are brought in good faith. The parties to that good-faith litigation, plaintiffs and defendants, represented and pro se alike, are almost invariably anxious not only that justice be done, but that justice be done without needless delay. Every frivolous filing submitted to the federal judiciary amounts to a tax levied upon the countless litigants whose proceedings are held up while scarce judicial resources are needlessly expended elsewhere.

In the end, though, no litigant may be more harmed by the filing of this action than Howell himself. Under 28 U.S.C. § 1915(g),

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on

---

[2] All judicial caseload statistics found at United States District Courts — National Judicial Caseload Profile (accessed Oct. 10, 2018), http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2018.pdf

4

> the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This Court will pierce the gossamer-thin corporate veil and impute the filing of this action, putatively in the name of corporate Howell, to prisoner Howell.  A previous lawsuit filed by Howell in the United States District Court for the Southern District of Illinois was dismissed pursuant to § 1915A as barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See Howell v. Thompson*, No. 3:04-CV-0945 (S.D. Ill. dismissed May 16, 2005); *Armentrout v. Tyra*, 175 F.3d 1023 (8th Cir. 1999) (unpublished table disposition) (collecting cases for the proposition, and finding, that dismissal under *Heck* constitutes a strike under § 1915(g)).  So too was a second lawsuit later filed in that same district.  *See Howell v. Thompson*, No. 3:05-CV-0235 (S.D. Ill. dismissed May 27, 2005).  This Court now recommends that this action be dismissed as frivolous, and if that recommendation is adopted, Howell will have struck out of federal court as an IFP litigant.  *See* 28 U.S.C. § 1915(g).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The Report and Recommendation of September 6, 2018 [ECF No. 4] be VACATED.

2. This action be SUMMARILY DISMISSED AS FRIVOLOUS.

3. The application to proceed *in forma pauperis* of plaintiff Robert Nelson Howell, Jr. [ECF No. 2] be DENIED on account of the dismissal of this action.

4. Howell's motion to correct errors [ECF No. 6] be DENIED AS MOOT.

Dated: October 11, 2018

*s/David T. Schultz*
David T. Schultz
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).